Elizabeth Daly, representing Mr. Chavez-Echeverria and I'd like to reserve three minutes for rebuttal if that's okay with the court. The crux of the disagreement in this case is not about which categorical approach applies, but how to define the attempted use of physical force for purposes of the guidelines force clause. Linehan resolved that question by holding that the force clause incorporates the same substantial step standard applicable to federal and co-aid attempt and generic attempt. Because Oregon's test is broader, there is no match. The government's position is that Linehan adopted a broader model penal code based standard for a substantial step. I don't find that in the opinion. Linehan took its substantial step definition directly from precedent articulating the probable desistance test. Can I interrupt you there because I think we're going to spend the whole time talking about about this much about Linehan, right? And it seems to me that this case is a little tough to parse. I'll grant you that. And but it seems that the court starts at Headnote 14 where it's talking about the attempted use of physical force in it and it cites Taylor. Of course there's three Taylors in this area, but the most recent one. And that's looking at the traditional rule, right? The traditional rule. And then we come into the at the top of the next page where it has these soundbites, these quotations that are that are entirely consistent with the traditional test, right? The model penal code test. And then cites, I think what your problem is, it cites Getzky. I don't know how to pronounce it. Getzky. Other cases that discuss the gloss that the Ninth Circuit has put on this, right? The probable desistance test. But I'm just noticing that the, but the court doesn't apply probable desistance. And the other problem is that the thin cites for these cases are to pages that don't discuss the probable desistance test. So I know that's kind of a long question, but I want, those are my problems and I wanted to put that out there so you can respond. Thank you, Your Honor. The first point I wanted to respond to is this distinction between the traditional test and the model penal code. Or I think the court said that those were the same thing. No, I didn't say that. Okay, that's what I heard. I'm sorry. No, no problem. I'm probably, what probably wasn't very articulate, but the Ninth Circuit has applied this, this traditional test for a long time. Then in Buffington, I think it's in 87, we, we started citing this Fifth Circuit case. And, and, and Buffington says what we mean by that general language is, and then we incorporate this probable desistance test. But we don't always apply it. So it's a little fuzzy. And, or at least that's what I think the state of the law is. Please correct me if you think I'm wrong. Well, Your Honor, I understood the probable desistance test to be this court's interpretation under common law of what it means for conduct to go beyond mere preparation. So I'm getting that from Getsky, where they say, a defendant's conduct crosses the line between preparation and attempt when it unequivocally demonstrates that the crime will take place unless interrupted by independent circumstances. And what page is that? I do not have a pinpoint site on that. I'm not trying to be. No, I that the Linehan opinion doesn't adopt. That's my problem. Right. And so the question is, did Linehan adopt some sort of like higher level, more general definition of a substantial step and not drill down into the probable desistance? Or, or does it, and this is, I think, a variant of the question Judge Christin was asking you. As I, at least one way to read this case law is to say, with respect to the enumerated clause, not an issue in this case, our case law applies a probable desistance test. But with respect to the force clause, we apply the model penal code test. Um, and, and at least as I look at other circuits, particularly when dealing with the statute involved in Linehan, they're not applying a, uh, a desistance test. They seem to be applying a model penal code test. So I'm trying to figure out whether there are case law says one test for enumerated clause offenses, but a different test for force clause offenses. I think those are what the crux of the case is about. Um, this court. Yes. Thank you. Now give me a good answer. Help me. Uh, this court has only, I, I read the case law to say this court has only ever defined one meaning for attempt. And it's the common law meaning, and it's interpreted that to mean probable desistance. Let me ask you, let me ask you a version of the questions you've already been asked. Would you be making the same argument or should we come to the same result you're seeking if Linehan had not been decided? I mean, how, how important to your argument is Linehan or do we get there anyway just because of our preexisting case law? I think Linehan, the answer to both questions is yes. Linehan is incredibly important and I think you, you come to the same conclusion without Linehan because it was right. But if we read Linehan as adopting the model penal code test, that proposes difficulties for you, does it not? Correct. That's the government's position. I don't think there's a dichotomy that, um, that, that Oregon standard is consistent with everybody else who uses the model penal code. Oregon's an outlier in the depth to which it applies this, um, uh, this definition of substantial step that doesn't require, um, as much for preparation to go beyond mere preparation as the Ninth Circuit has held. And I think the Ninth Circuit is more consistent with other federal circuits than Oregon is. Let me ask you to focus on the model penal code for a second. Is the Oregon test broader or narrower than the model penal code? As I read the Oregon cases, they seem to adopt the model penal code. They do, but they also go, um, fully into the commentary, the, the examples that the model penal code has, um, set out. And not every circuit that says we follow the model penal code does that. Um, I want to go back to what the force clause means independently of Linehan, because the force clause didn't give us a definition of attempted use. And when there's no definition provided, we assume that Congress meant what it said, uh, the common law definition of the term at the time. Attempt has been in federal statutes for decades, long before the reformist model penal code. So I don't, I feel like, um, it's an incorrect view of the law to say that everybody uses the model penal code except for the probable desistance test is the common law test. I'm sorry. Is there a difference between an attempted offense, a crime, and the attempted use of force, which by itself is not a crime? I'm having some concern that reading the, our interpretation of the word attempt in connection with an offense is different than what we ought to be doing when we're talking about the use of force. Well, I think that does drill down to which categorical approach we're applying. Um, Taylor said that an attempted use of physical force means a substantial step towards the use of force. But it said, we're not going to define what's helpful. We're not going to define that for you. And Linehan does, right? Linehan tells us we're going to look at these cases. And as Judge Christin pointed out, there were pinpoints to the definition of substantial step there. But this Court has only ever said substantial step means one thing, and that's probable desistance. There is no case law that says it doesn't include that. That's where I want to push back on you a little bit. I understand the confusion that comes out of the citations and prior cases. But right after that, Judge Bress says, and that means the model, what substantial step means is what the model penal code says. I disagree. Um, the only, that language, the sum verification that the government has latched onto and said that's in accordance with the model penal code, the only jurisdictions that use that language are Oregon and the Ninth Circuit. But forget what jurisdictions use it. Uh, doesn't Judge Bress say that's the test in Linehan? I mean, I understand that he, his reasoning may be inconsistent. I don't want to criticize somebody who's not here, because he's citing probable desistance cases and things like that. But when he gets down to the next, to the money line, doesn't he say it's the model penal code test? No, Your Honor. There's no mention of the model penal code. The language that's used is used in Oregon, and it's used in the Ninth Circuit. Where does he apply the probable desistance test? Your Honor, I didn't, Linehan does not discuss the probable desistance. We'll concede that. But probable desistance is the definition of what goes beyond mere preparation. That's what this Court's case law holds. It would be so odd for him to adopt the probable desistance test and then not apply the probable desistance test. I, I think he does apply the probable desistance test, because Where? That's what I asked earlier. Where does he do that? Because it's part and parcel of going beyond mere preparation. And so when they, um, discuss why Section 373, uh, and the transportation of explosives goes beyond mere preparation, they cite Soto Barraza, which said conduct goes beyond mere preparation when it satisfies the probable desistance test. So this is part and parcel of how this Court has always defined attempt. The substantive offense. And with my last The substantive offense. The substantial step conduct. I'm talking about for the substantive offense. For the substantive offense. Which is why Judge, uh, Hurwitz asked the question that he asked about, um, uh, one definition for the enumerated offense clause and one for the force clause. Right. That's the gist of it. And substantial step has always meant the same thing in this circuit. So, uh, Can I also just point out that if, if it's not this well-defined body of case law we have, then what does it mean? Um, and I don't think the government has provided us an answer. And I don't think, um, interpreting it to mean something that Linehan never said would tell us, so what does go beyond mere preparation? You know, this is going to take you over time and then our presiding judge will, I'm sure, accommodate whatever you need. But the Ninth Circuit is unusual in having its probable desistance test. The other circuits, I don't think, have it. So I don't think that's true either. And that certainly goes beyond what's been briefed in this case. But I was looking this morning for other circuits using probable desistance and I found a number of circuits that do apply that test. And again, that hasn't been briefed. I wonder if that would be as appropriate for supplemental briefing. In force clause cases. As opposed to substantive offense cases. It goes beyond the briefing in this case. So I don't think I'm prepared to answer that.  I don't know of one, in case it's helpful, I don't know of one that does this in a force clause context only for substantive offenses. And that's the decision. Your Honor, I guess my answer to that is that it's the conduct and substantial step is what Taylor tells us is the conduct. So the court has to define substantial step. Do you want to, well, actually, you're over time. I am over time. Okay. Which I did. No, no problem. When you come back, we'll put a minute on the clock. I appreciate that. Not at all. We'll hear from opposing counsel, please. May it please the court. Suzanne Miles for the United States. I agree with Ms. Daley that Linehan is the key here. And she didn't quite say that. She said we'd get to the same answer without Linehan. Well, I think Linehan is controlling. Okay, okay. So maybe we do disagree. Yeah, she did not say she needed Linehan. She said quite the opposite. Okay. I believe that Linehan is controlling. So now tell us what Linehan says. So what Linehan says is that this court, under the force clause, this court applies the traditional meaning of attempt, which is the conduct that advances the criminal purpose. In this case, it is conduct that advances the use of physical force and strongly corroborates that purpose. So I care less about the decision, well, the outcome, and more about, of Linehan, I mean, and more about the decision tree and making sure that our law is clear so it's fair, so people can understand what the rule is. And Linehan starts by harking back to Taylor, right? Taylor looked at it consistent with your remarks to a traditional interpretation, took a dictionary off the wall and said, you know, this is, but Linehan didn't do that. It turned to our case law. Do you want to enlighten us about why we did that here or what we should draw any conclusion from that? My understanding is that what Linehan pulled from Taylor is that when we have a legal term, we look to the legal lineage of that term. In Taylor, I agree with you. The court pulled off Black's dictionary, and if we didn't have Linehan, I would be arguing that you should be doing the same thing for attempt. Me too. And I, and I, and I think, so my next question is if we had, you probably did what I did. I pulled out down Black's law dictionary. I did. And don't we get to the same place? Pretty much we do. I mean, what Black says, and I can check it against yours, is that an overt act is done with the intent to commit a crime, but that falls short of completing the crime. Right. It's essentially the model penal code. It's essentially the model penal code. Yeah, I think that's right too. So then when we look at the little bit of Linehan, that causes me a bit of confusion. And in fairness, I don't think this was briefed in Linehan. I don't, you know, 20-20 hindsight is always perfect. And other judges, I'm sure, look back at my opinions and say, what was she talking about? But here we are, and trying to figure this out. And he's made it clear that he's looking for the traditional, and the panel made it clear they're looking to the traditional test. And it's just the citation, I think. The only thing that trips me up is the citation to these two cases that use the probable desistance test. What do we make of that? Well, I think we make what Your Honor had said, is that it does go to those cases, but it doesn't go to the portion of those cases that applies the probable desistance test. So there is a lot of common ground between probable desistance and the MPC, right? Both of them say that a substantial step needs to be an overt act, and it needs to strongly corroborate the intent to commit the completed crime, or to commit the crime of violence. The question is, how far down that line do we need to get? And probable desistance says that the defendant has to do everything in his power. That's what Gett says. That's what Moss says. The defendant has to do everything that's within his power. Did you agree that's not the test in Oregon? That is not the test in Oregon. And, Your Honors, that's not the test, really, as you've said, in nearly every other circuit. And we know that when we look at cases like this. For this clause, as opposed to this substantive offense. Yes, Your Honor. I would draw your attention to Garcia-Jimenez, in which this Court looked at New Jersey's attempt provision, which follows the MPC, and looked at that under the enumerated offense clause, and said it's a technical mismatch for Ninth Circuit's federal attempt. But that same attempt provision in New Jersey was looked at by the Third Circuit in a different case, and it matched the Third Circuit's federal generic attempt test. So we know we at least have a disconnect there. So, I'm sorry. I feel like you want to ask me a question, and I'm not giving you the chance. I do, but if somebody else wants to go first. No, go right ahead. It's so rare that you're not getting a question. I know. I know. I'm trying. You've got me on. I've been practicing all week. You've got me on my good behavior. I also feel like I'm standing too close to the microphone. You're doing great. Okay. So. Yes, we like loud. Okay. It feels like it's making a hissing sound. I don't want to be annoying you. Let's assume we can't figure out what Lenahan says, just for purposes of your question, or that it didn't exist. And we were approaching this, given the instructions of the Supreme Court and Taylor. What would the outcome be? I think that the outcome would be that you look to Black's Law Dictionary for what attempt means, what the general legal definition of attempt means, which is to commit some overt act that confirms your criminal intent. I think that's what we should be doing. Lenahan didn't do that, and I'm not. Oh, excuse me, but it did. But I just interrupted you. Go ahead. But I think it gets us essentially to the same place, because as we said, I think that Black's Dictionary, essentially, it catches the traditional meaning of attempt. And I think we do need to look at what Lenahan did in terms of its holding and how it applied it, because not only when you look at Lenahan's words and how it gives us the definition of substantial step, it doesn't mention probable desistance. When it applies substantial step to 844D, it does not apply probable desistance, and its outcome is not supportable if you apply probable desistance. 844D says that I need to either send or receive a bomb, an explosive that is readily detonable with the knowledge that the recipient intends to detonate it and hurt somebody else, or that I intend to detonate it and hurt somebody else. That, while I would admit, is an overt act that shows an indication that I'm intending to engage in physical force, that is not me committing every act that is in my control to achieve physical force absent my interruption by independent circumstances, which is what probable desistance requires. So you're saying that Lenahan doesn't apply the probable desistance test. And I have to agree with you. But I think you're also saying that had it applied, the result would have differed.  Can you just remind us that there's this crime in Lenahan, a solicitation to do what exactly? Solicitation to transfer an explosive with the knowledge or intent that it would be used to kill, injure, or damage property. And what was it that stopped the crime from being completed in Lenahan? Well, the completed crime. So. I mean, what was it that stopped it? Right. The substantive crime, not the attempt crime. Right. So nothing stopped the substantive crime. The crime is complete as soon as I send you a bomb, knowing that you're going to use it, or I receive a bomb. Without it ever blowing up. Without it blowing up. There's no need for it to blow up. Right. And it was about solicitation, not about attempt. It's the solicitation to do that. Right. And so the question is, once I've acquired this bomb with the intent to blow it up, have I taken all steps within my control to achieve the use of physical force? And this is exactly what was argued in Lenahan. The defense's argument in Lenahan was all about the probables assistance test, and arguing that this statute doesn't meet it. That is what the oral argument focused on. And the court did not apply that test.  Even though it cites the cases using that test. Well, even though it cites some of the cases using that test, because those cases also carry with it the common traditional definition. It just adds this extra component in asking us what a substantial step really means. How much conduct? It's interesting. How close? Because this I was unaware of how Lenahan had been argued. Given that it was argued, it's interesting that Lenahan doesn't even discuss it. I agree. I went back and listened to the argument this morning for that very point. Did they brief it in Lenahan? I didn't check the briefing. I listened to the argument, and I didn't check the briefing. I can go back and do that. Opinion reads as though it wasn't really litigated. I agree. But it does tell us, it does tell us, I think, hopefully, it cites, gives us very specific pin sites that I think are meaningful. I interrupted you. No, I'm trying to figure out, tell me why the outcome would be different in Lenahan had the probables assistance test been applied? Because acquiring a weapon with the intent to use it to commit physical violence does not require me to have taken every step towards the commission of physical violence. Because the crime was solicitation of the mailing of this stuff, it seems to me the crime would have been complete if he had the knowledge once the solicitation was done. And that's why we have to separate attempt to do the substantive crime, whether you've completed the substantive crime. Here, what we're talking about is, have you used or attempted to use physical force? Have you taken every step you possibly can to use physical force, to complete physical force, to achieve that force? And then some outside agency would use. Unless some outside act interrupts you. Right. So if I'm just holding the weapon, even though it has the capability of doing it, if I, even if I have the intent to use it for that purpose, but I haven't left my apartment, I haven't, I haven't gone to my destination, I haven't found my target, there's so many additional steps that a defendant would have to do once they have that bomb, even if they form the intent to actually achieve physical force, that the defendant is still responsible for doing, without any additional interruption. And so that's what takes it into achieving the MPC's view of substantial, a substantial step, because clearly I've taken an overt act that confirms that I have the intent to do damage, to do force. Counsel, you're over time. Could you please wrap up? Oh, I'm sorry. That's all right. Just, if you could wrap up. Can I ask one more question? Of course, yes. I want to, in a way, ask Judge Hurwitz's question again. If the crime at issue in Linehan was solicitation, why isn't it complete? Is some of the solicitations made irrespective of what acts may or may not follow?  The crime... I don't understand why you're telling us that in Linehan itself, the probable resistance test, I mean, help me out here. I will. So, because the question that we're trying to answer is not, did the defendant achieve, attempt 844D? The question is, any defendant who solicits the taking of a bomb, the transport or achievement of a bomb with this intent, do they necessarily use physical force or attempt to use physical force? In the act of soliciting. In the act of soliciting. In completing that crime, can you have that crime complete and ever have a lack of intent or a lack of attempt to use physical force? And I think the answer to that is clearly yes. Anything further? Okay. Thank you, Your Honor. I'm so sorry for using your time. Not at all. Thank you for your patience with our questions. Madam Clerk, would you put two minutes on the clock, please? I know I said one, but we've really... You've got a lot to listen to. Thank you, Your Honor. I do believe the argument here has gone beyond the briefings. And so I would suggest supplemental briefing to a more targeted question. That said, I believe substantial step is what we're looking at. And this Court's case law has been interpreting the common law meaning of that. And so I think that it's appropriate to interpret Linehan as saying, we're going to use the meaning of substantial step that we've always used, which is part... Probable desistance is part and parcel of that. Responding to whether Linehan does or doesn't apply the probable desistance test, I think the defense had a strong argument that it didn't satisfy the probable desistance test, but the Court emphasizes how close the required conduct has to be. They say an explosive means something that, quote, any part thereof may cause an explosion. And they say that's critical to our decision. And they say the will-be-used requirement in 844D, that the explosive will be used, creates a more imminent connection to a violent aim. So I don't think you can draw too many inferences from their actual application. I just, again, going back to the general legal definition and whether there's a difference between the traditional definition and what this Court has always applied, the model penal code is a reformist definition. Attempt has been in the criminal code of federal law for much longer than the model penal code existed. And I believe that that is the definition that the Ninth Circuit has been interpreting. So I appreciate the Court's time today. Thank you. Thank you both for your advocacy. It's a very excellent argument and really a great argument. To our decision. So we appreciate it very much. We'll take that case under advisement and go on to the next case on the calendar, which is Athe Creek Christian Fellowship versus County of Clackamas 24-5104.
judges: FLETCHER, CHRISTEN, HURWITZ